UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TIFFANY L. DAUGHERTY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:21-cv-00270-JPH-MG |
| | ) |
| WARDEN Rockville Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

**Order on Filing Fee,
Screening and Dismissing Petition,
and Allowing Petitioner to Show Cause**

Petitioner Tiffany L. Daugherty, an Indiana Department of Correction (IDOC) inmate incarcerated in the Rockville Correctional Facility, filed this 28 U.S.C. § 2254 action seeking a writ of habeas corpus. She challenges prison disciplinary case RTC 20-12-0179 in which she was found guilty of sexual contact under Offense Definition B-216 of the IDOC's Disciplinary Code for Adult Offenders.

**I.   Filing Fee**

Ms. Daugherty shall have through **August 2, 2021**, in which to pay the $5.00 filing fee for this action or demonstrate her financial inability to do so.

**II.   The Petition**

Upon initial review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the petition, dkt. 1, is **dismissed**. Ms. Daugherty shows on the first page of her petition that she did not suffer either a loss of earned credit time, *id.*, question 2, or a reduction in credit earning class, *id.*, question 3. An exhibit to the petition, a letter from an IDOC Appeal Review Officer, notes the sanction did not include a grievance loss. Dkt. 1-1

at 3. Ms. Daugherty apparently grasps that the sanction is not a grievance loss as defined by the IDOC, as she asserts that the loss of visitation time with her family was a *grievance loss to her*. Dkt. 1 at 2, Ground Two. The IDOC, though, defines a grievance sanction as one affecting the length of an offender's confinement. This definition is consistent with federal court jurisdictional requirements.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that she 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). Without such a sanction, a federal court has no jurisdiction to review the disciplinary sanction. When a grievance sanction is not imposed, prison disciplinary officials are "free to use any procedures [they] choose[], or no procedures at all." *Id.* at 644.

### III.    Opportunity to Show Cause

For the reasons explained in this Order, the petition is **dismissed** for lack of jurisdiction. Before dismissing this action and entering final judgment, Ms. Daugherty shall have through **August 2, 2021**, in which to show cause why the petition should not have been dismissed and instead allowed to proceed. The failure to successfully show cause by this deadline will result in

the dismissal of this action and entry of final judgment without further notice or opportunity to be heard.

**SO ORDERED.**

Date: 7/16/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Tiffany L. Daugherty
240989
Rockville Correctional Facility
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872