UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TIFFANY L. DAUGHERTY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00270-JPH-MG |
| | ) | |
| WARDEN Rockville Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Action for Lack of Jurisdiction
and Directing Entry of Final Judgment**

Petitioner Tiffany L. Daugherty, an Indiana Department of Correction (IDOC) inmate incarcerated in the Rockville Correctional Facility, filed this 28 U.S.C. § 2254 action seeking a writ of habeas corpus. She challenged prison disciplinary case RTC 20-12-0179 in which she was found guilty of sexual contact under Offense Definition B-216 of the IDOC's Disciplinary Code for Adult Offenders and sanctioned with a loss of visitation with her family. Dkt. 1.

The petition was reviewed on filing pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and **dismissed**. Ms. Daugherty had pled that she did not suffer either a loss of earned credit time or a reduction in credit earning class, but that the loss of visitation time with her family was a *grievance loss to her*. Dkt. 1 at 2, Ground Two.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that she 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or

duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). Without such a sanction, a federal court has no jurisdiction to review the disciplinary sanction. When a grievance sanction is not imposed, prison disciplinary officials are "free to use any procedures [they] choose[], or no procedures at all." *Id.* at 644.

Ms. Daugherty was informed of the dismissal of her petition for lack of jurisdiction and allowed an opportunity to show cause why this action should not be dismissed and final judgment entered. She has not done so and the time to comply has passed. *See* dkt. 3.

For the reasons just explained, and the reasons set out in the Court's Rule 4 screening order of July 16, 2021, this action is **dismissed** for lack of jurisdiction. 28 U.S.C. § 2254(a). Final judgment shall now enter.

**SO ORDERED.**

Date: 8/25/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Tiffany L. Daugherty
240989
Rockville Correctional Facility
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872

2